IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, ) Criminal
) No. 14-612 (JBW)
Government, )
) MOTION HEARING
vs. ) (for courtroom closure)
)
JOHN DOE, ) **CONTAINS REDACTIONS ON
) PAGE 3**
Defendant. )
) Brooklyn, New York
) Date: August 15, 2016
) Time: 11:45 a.m.

---

TRANSCRIPT OF MOTION HEARING (for courtroom closure)
**CONTAINS REDACTIONS ON PAGE 3**
HELD BEFORE
THE HONORABLE JUDGE JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE

---

A P P E A R A N C E S

For the Government: Samuel Nitze, AUSA

For the Defendant: Gary Villanueva, Esq.

ALSO PRESENT:
Robert Long, Pretrial Services Officer
Michael Ilaria, Pretrial Services Officer

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

---

Court Reporter: Annette M. Montalvo, CSR, RDR, CRR
Official Court Reporter
United States Courthouse, Room N330
225 Cadman Plaza East
Brooklyn, New York 11201
718-804-2711

(WHEREUPON, commencing at 11:56 a.m., the following proceedings were had in open court, to wit:)

THE COURTROOM DEPUTY: Motion for courtroom closure.

Counsel, note your appearances, please.

For the United States?

MR. NITZE: Sam Nitze for the United States, and I have Michael Ilaria and Robert Long, Pretrial Services. Good morning, Your Honor.

THE COURT: Good morning.

MR. VILLANEUVA: Gary Villanueva for the defendant, who waived -- and with the Court's permission, we waive his appearance.

THE COURT: All right. I just received a pretrial service report. Have the parties seen that?

MR. VILLANEUVA: Yes, I have.

MR. NITZE: Yes, Your Honor, but if we could start with the motion for courtroom closure.

THE COURT: Yes.

MR. NITZE: As you know, you have a joint application from the government and the defendant to close the courtroom for a proceeding. And for the reasons set forth --

THE COURT: Keep your voice up.

MR. NITZE: For the reasons set forth in the sealed submission filed with Your Honor, the parties move to close the courtroom because it is clear that a public proceeding

would prejudice compelling interests, both the government's interest in the integrity of ongoing investigations, and also the broader interest in protecting the safety of the defendant and others. And based on those factors, and the underlying facts set forth in the sealed submission, the government, joined by defense counsel, would ask Your Honor to enter the proposed order.

I have a slightly amended proposed order, the only change being that it would permit the defendant's family members to be present in the courtroom, should Your Honor grant the closure motion.

THE COURT: Are you conceding that they should remain in a sealed courtroom?

MR. VILLANEUVA: Yes, Your Honor.

THE COURT: Are these the family members?

MR. VILLANEUVA: Yes, Your Honor.

THE COURT: All right.

Give their names.

MR. VILLANEUVA: Certainly.

There is [REDACTED]. There is [REDACTED]. There is [REDACTED] [REDACTED]. And [REDACTED].

THE COURT: All right. Who else is in the courtroom? We have a representative of the marshal's office?

MR. DWYER: Your Honor, my name is John Dwyer. I'm

an independent reporter and author. I am currently working on a book for Random House about the federal courts in New York.

THE COURT: Do you object to the order?

MR. DWYER: I do. I do. I believe in this case --

THE COURT: Come forward. Do you wish counsel?

MR. DWYER: I don't have counsel with me present.

THE COURT: Do you want counsel?

MR. DWYER: I don't, but I would like to make --

THE COURT: Come forward. Give your name.

MR. DWYER: I'll be brief. Thank you, Your Honor.

Do you want me to restate my name?

THE COURTROOM DEPUTY: State your name and spell it.

MR. DWYER: Okay. It's Johnny, J-o-h-n-n-y, last name is Dwyer, D-w-y-e-r. I'm an independent reporter and author. I am working on a book for Random House publishers. And --

THE COURT: Since you are not a reporter, swear -- do you object to being sworn?

MR. DWYER: In terms of the truthfulness of my statements? No, not at all.

THE COURT: All right. Swear him.

THE COURTROOM DEPUTY: Please stand and raise your right hand.

(WHEREUPON, Mr. Johnny Dwyer was duly sworn.)

THE COURTROOM DEPUTY: Be seated.

THE COURT: Do you want time to get an attorney?

MR. DWYER: In this case, I don't, Your Honor.

THE COURT: Okay. I will hear you.

MR. DWYER: I would just like to say, I don't believe the government can make a showing that this appearance would prejudice their compelling interests. As I understand it, in this case, this particular defendant has appeared on camera before the press, and the government has disclosed his cooperation. So I feel like the sealing of the actual courtroom, it wouldn't be clear as to what would be prejudicing the compelling interests, whether it was the prior public appearance or the sealing of the courtroom.

Do either of you or both of you wish to respond?

MR. NITZE: Just briefly, Your Honor. For the reasons set forth in the sealed submission, while it is true that this defendant has appeared publicly in one respect, the nature of the proceeding is such that the interests, both in the integrity of ongoing investigations, but particularly in the safety of the defendant and others would be substantially prejudiced by holding the proceeding in public.

THE COURT: Do you want to respond?

MR. DWYER: No, I have no response.

THE COURT: Well, based on the material before me, I will issue an order clearing the court, except for the family, you concede -- both parties concede should be here.

But I will stay that order if you want to take an appeal.

MR. DWYER: I don't --

THE COURT: And does Random House wish to make a case? Could be an important case that they may want to hire counsel on. Do you want to consult with them?

MR. DWYER: To be honest --

THE COURT: Do you represent any newspaper?

MR. DWYER: I occasionally write for NBC News, and this story did appear on NBC News. In this case, I don't believe I will be seeking counsel --

THE COURT: Have they issued press credentials to you, NBC?

MR. DWYER: NBC News? I haven't held press credentials in maybe ten years.

THE COURT: Well, if you wish, I will stay the order so you or Random House or NBC can take an appeal, or you can alert other counsel, other reporters.

MR. DWYER: I don't think I will be making that request today, Your Honor.

THE COURT: All right. Then I will, in favor of the government and defendant, order the courtroom sealed. So you will have to withdraw.

MR. DWYER: Okay. Thank you.

THE COURT: Thank you.

(WHEREUPON, Mr. Dwyer exited the courtroom.)

THE COURT: The transcript is sealed -- I don't think the transcript needs to be sealed.

MR. NITZE: Of this proceeding? No.

THE COURT REPORTER: This proceeding is open, I can file it in the public docket?

MR. NITZE: The transcript of this proceeding, yes, this public proceeding. Once the courtroom is sealed and we move into the next proceeding, that transcript will be sealed.

THE COURT: Yes.

(WHEREUPON, at 12:04 p.m., the open court proceedings ended, the courtroom was sealed, and further proceedings designated as sealed are transcribed in a separate sealed transcript.)

* * * * *

**REPORTER'S CERTIFICATE**

I, ANNETTE M. MONTALVO, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 14th day of September, 2016.

/s/Annette M. Montalvo
Annette M. Montalvo, CSR, RDR, CRR
Official Court Reporter